WILBUR v. ABBOT, *Adm'r of Joseph S. Abbot.*

In a declaration in debt on a judgment, the omission of the facts which gave jurisdiction to the court rendering the judgment is no cause of demurrer.

A judgment, which recites the recovery of a certain sum of money with lawful interest from a certain date, is sufficiently definite.

DEBT, on a judgment, recovered by the plaintiff against the defendant and the deceased, as copartners, January 19, 1867, in the fifth district court of New Orleans, for a sum certain and interest on the same from November 1, 1862. It is also alleged that the court had jurisdiction of the cause, and profert, by copy, is made of the record. The second and fourth counts allege the date of recovery to have been January 24, 1867. The third and fourth counts allege that Joseph S. Abbot was duly summoned to appear and answer to the cause.

The defendant appears and prays oyer of the record proffered, and demurs, because (1) it does not appear that the fifth district court of New Orleans had jurisdiction of the parties, and that (2) the judgment was not for a sum certain.

*G. Y. Sawyer & Sawyer, Jr.*, for the plaintiff.

*S. C. Eastman*, for the defendant.

ALLEN, J.   It is not necessary, in a declaration of debt on a judgment, to aver all the facts which give jurisdiction to the court rendering the judgment.   The jurisdiction of a superior court of common law is presumed unless the contrary appears, and nothing is intended to be out of the jurisdiction but that which specially appears to be so. *Wingate* v. *Haywood*, 40 N. H. 441.   The party setting up a judgment is not bound, in the first instance, to offer proof of jurisdiction, and so is not required to state it in pleading.   *Rogers* v. *Odell*, 39 N. H. 460.   It was not necessary for the plaintiff to aver in his declaration that the court rendering the judgment had jurisdiction of the parties.   Profert of the record was unnecessary, and did not entitle the defendant to oyer.   1 Ch. Pl. 366.   Not being entitled to oyer of the record, the defendant cannot make it a part of the declaration for the purpose of demurring to it.

The allegation in the third and fourth counts, that one of the parties defendant, named in the judgment, was summoned, must be taken to mean that the other defendant was not summoned.   This fact, material on the question of jurisdiction, appears on the face of the declaration; and since it is not shown that the want of summons was cured by an appearance of the defendants in the suit, it must be understood that the court rendering the judgment had no jurisdiction of the parties defendant.   The third and fourth counts are bad on demurrer.

The judgment declared on recites that a certain sum of money was recovered with lawful interest from a certain day.   All judgments for the recovery of money must state the sum recovered with certainty. That is certain which may be made certain; and it is sufficient if the sum recovered can be definitely and certainly ascertained by an inspection of the record, and without going outside for aid.   *Stokes* v. *Sanborn*, 45 N. H. 274.   The date from which the interest is to be computed is given in the record, and the amount can be made certain without going beyond it.

The demurrer to the first and second counts is overruled; to the third and fourth counts, it is sustained.

BINGHAM and CLARK, JJ., did not sit.